United States District Court
Southern District of New York

| | |
|---|---|
| **S.F.** and **R.L.**, individually and on behalf of **N.F-L.**,<br><br>                    *Plaintiffs*,<br><br>     -against-<br><br>**New York City Department of Education**,<br><br>                    *Defendant*. | Civ. No. _____<br><br>**Complaint** |

**Preliminary Statement**

1. This is an action alleging that Defendant, the New York City Department of Education and the Board of Education (collectively "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

**Jurisdiction and Venue**

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

4. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated or resides.

5. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq.*

6. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq.*

**Parties**

7. Plaintiffs, S.F. and R.L., are the parents and natural guardians of N.F-L., a now sixteen-year-old boy who had been classified as a student with a disability.[1]

8. At all times relevant, S.F., R.L., and N.F-L. resided in New York, New York.

9. Plaintiff N.F-L. was a student with a disability who at the time was eligible for a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act ("the IDEA").[2]

10. N.F-L. was a qualified individual with a disability who was eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and was protected from discrimination based upon his disability.

11. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.
[2] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

12. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and controls the public school system of the City of New York and is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.  *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

13. Upon information and belief, the DOE receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions, including N.F-L., who resides within New York City. *See* 20 U.S.C. § 1412.

14. Upon information and belief, the DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

15. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

**Legal Framework**

16. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

17. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

18. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

19.     Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

20.     The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

21.     Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

22.     One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

23.     In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

24.     The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

25. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

26. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited October 27, 2021).

27. Upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

28. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

29. Plaintiffs, as the substantially prevailing party, may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

30. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in Plaintiffs' favor that also established Plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions.

31. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 192343 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

32. In subsequent school years, a student may invoke pendency entitlements in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j).

33. Under IDEA, a student's "stay put" program (also known as "pendency")[3] is an automatic and unconditional right. 20 U.S.C. § 1415(j).

34. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

35. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded.

## Facts
### 2018-2019, 2019-2020, and 2020–2021 School Years—Impartial Hearing Case Number 192343

36. Plaintiffs filed a due process complaint on January 27, 2020, alleging a denial of FAPE for the 2018-2019 and 2019-2020 school years.

37. The due process complaint was processed as case number 192343.

38. Plaintiffs filed an amended due process complaint on October 26, 2020, to 1) include claims for the 2020-2021 school year; 2) to add claims and to add solutions to the proposed solution; and 3) to promote judicial efficiency.

39. A pendency hearing was held on August 26, 2020.

40. The hearing in this matter was held on two separate dates: February 3, 2021 and February 12, 2021.

41. Plaintiffs introduced fifty-seven documents into evidence.

42. Defendant entered zero documents into evidence.

43. Plaintiffs called six witnesses for their case in chief.

44. Defendant called no witnesses.

45. On August 6, 2021, the impartial hearing officer issued the thirty-one page FOFD in Plaintiffs' favor.

46. Specifically, the impartial hearing officer ordered the following:
    a. The Department has failed to meet its burden that it offered a

---

[3] The terms "stay put" and "pendency" are used interchangeably throughout this Complaint.

    free appropriate public education to N.F-L. for the 2018/2019; 2019/2020 and 2020/2021 school years;

b. The parents have not met their burden to demonstrate that their unilateral placement of N.F-L. at the Masters School in the 2018/2019 school year was appropriate to meet N.F-L.'s needs and the request for tuition reimbursement is denied;

c. The parents have met their burden to demonstrate that their unilateral placement of N.F-L. at the Beekman School for the latter part of the 2018/2019 school year was appropriate to meet the student's needs and he request for tuition and homework help tutoring reimbursement, in the amount of $18,725.00, is granted;

d. The parents have met their burden to demonstrate that their unilateral placement of N.F-L. at the Beekman school for the 2019/2020 school year was appropriate to meet his needs and the request for tuition and homework help tutoring reimbursement, in the amount of $51,766.25, is granted;

e. The parents have met their burden to demonstrate that their unilateral placement of N.F-L. at the Beekman School for the 2020/2021 school year was appropriate to meet his needs and the request for tuition reimbursement, in the amount of $44,500.00, is granted;

f. There is no evidence to support any reduction in the tuition reimbursement due to equitable considerations;

g. The request for reimbursement for the neuropsychological evaluation of Dr. George Sachs is granted in the amount of $4,950.00;

h. All other request for relief are denied.

47. The DOE did not appeal the FOFD and it is now final and non-appealable.

48. Plaintiffs are therefore entitled to the funding as the impartial hearing officer ordered.

49. Plaintiffs also are therefore the substantially prevailing party and are entitled to their reasonable attorneys' fees and costs.

50. This action is timely brought to recover attorneys' fees.

51. Under the fee-shifting provisions of the IDEA statute, Plaintiffs should be awarded their reasonable attorneys 'fees and other recoverable costs at the impartial hearing level, in their efforts to enforce the Order, and in this herein action in a total amount to be determined by this Court.

52. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not complied fully with the August 6, 2021, FOFD.

53. In accordance with the August 6, 2021, FOFD, the DOE still owes Plaintiffs $51,766.25 for reimbursement of the Beekman School's tuition for the 2019-2020 school year, and $4,950.00 for reimbursement of the neuropsychological evaluation, totaling $56,716.25.

2021-2022 School Year—Impartial Hearing Case Number 212203

54. On August 31, 2021, Plaintiffs filed a due process complaint alleging a denial of FAPE for the 2021-2022 school year and invoked N.F-L.'s pendency entitlements according to Impartial Hearing Officer Leah L. Murphy's Findings of Fact and Decision dated August 6, 2021 in case number 192343. IHO Murphy ordered the DOE to fund Beekman tuition and costs, including homework help tutoring.

55. The due process complaint was filed and then processed as case number 212203.

56. On October 22, 2021, DOE notified Plaintiffs that it was not contesting pendency.

57. As of the date of this Complaint, DOE has failed to comply with N.F.-L.'s pendency entitlements, has not made any payments, and has failed to fund N.F.-L.'s educational program.

58. The 2021-2022 school year case is still pending in the impartial hearing office and N.F.-L.'s pendency entitlements remain in effect.

## Causes of Action

### Count 1
### The IDEA—2018-2019, 2019-2020, and 2020-2021 School Years—Failure to Comply With the FOFD

59. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

60. Defendant has failed to implement fully the August 6, 2021, FOFD.

### Count 2
### THE IDEA - 2021-2022 School Year Pendency Entitlement

61. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

62. Defendant has repeatedly failed to implement N.F.-L.'s stay put rights under the IDEA.

63. Defendant has repeatedly failed to comply with the IDEA's procedural requirements, including its mandate to provide N.F.-L. with his stay put entitlements.

64. Defendant denied Plaintiffs their stay put rights under the IDEA, in violation of the IDEA.

### Count 3
### Attorneys' Fees

65. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

66. Defendant has not paid any attorneys' fees incurred for the 2018-2019, 2019-2020, and 2020-2021 school years' action.

67. Defendant has not fully paid costs incurred for the 2018-2019, 2019-2020, and 2020-2021 school years' action.

68. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

69. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with the actions concerning the 2018-2019, 2019-2020, 2020-2021 , and 2021-2022 school years.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein;

iii. Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in case number 192343, and in enforcement of N.F.-L.'s pendency entitlement in case number 212203, and the work implementing the decisions and this ensuing action; and

iv. Award such other, and further, relief as to the Court may seem just and proper.

Dated: December 29, 2021
       NEW YORK, NEW YORK

Respectfully submitted,

By: ___William DeVinney___

William DeVinney (WTD 7117)
BRIGLIA HUNDLEY, PC
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
wdevinney@brigliahundley.com
Phone: (703) 883-0880
Fax: (703) 883-0899

Attorneys for Plaintiffs